REGAN, Judge.
The executrix and the attorney representing the succession of Marie Thompson Baudier, Adelaide Baudier Madigan, filed a petition on July 25, 1960, to probate the decedent’s last will and testament and to have an inventory made of her estate, and pursuant thereto, the will was probated on July 27, 1960, and an inventory was made thereof.
In her capacity as executrix and attorney for the succession of Louis Maurice Bau-dier, Sr., the husband of Marie Thompson Baudier, Adelaide Baudier Madigan filed a petition on August 31, 1964, to open his succession, probate his last will and testament, and to make an inventory of his estate. Pursuant thereto, the inventory was made, and probate of the will occurred on September 1, 1964. Thereafter, both successions were consolidated.
On September 23, 1964, the forced heirs of each succession, Louis Maurice Baudier, Jr., Robert Baudier, Marie Louise Baudier Aspelund, and Audrey Marie Baudier Brown, filed an opposition to the probate of the will of their mother, Mrs. Baudier, asserting therein that the date of the execution of the will was on its face uncertain since it, that is, the date, was partially obliterated and that the will was not entirely written, dated and signed by the testatrix. Therefore, they insist that since Adelaide Baudier Madigan was appointed executrix by virtue of an invalid testament, she should be removed from this position of trust.
On the same date, they also filed a petition endeavoring to have the sale of the family home, located in 3711 Camp Street, which had been sold by Louis Maurice Bau-dier, Sr., and his wife, Marie Thompson Baudier, to Adelaide Baudier Madigan and her husband, James Aloysius Madigan, declared a nullity on the ground that it was a simulated sale or a donation in disguise consummated for the purpose of defrauding the forced heirs of their legitime.
On October 1, 1964, the executrix, Adelaide Baudier Madigan, filed a petition for the proposed disbursements of funds, in which she claimed attorney’s fees for herself amounting to $1,398.50 and an executrix fee of $349.60, payment of a promissory note for $7,000.00 payable to herself and her husband which was signed by Marie Thompson Baudier and Louis Maurice Baudier, Sr., as co-makers, plus interest thereon at the rate of 8% per annum from August 12, 1964, to November 10, 1964, *602 which amounted to $2,426.90,[1] and she also asserted a claim for services rendered to Mrs. Baudier during her last illness and the time between the sale of the Camp Street property and the twelve months preceding her death by Adelaide Baudier Madigan and James A. Madigan, which amounted to $2,798.17, and for reimbursement to the Madigans of $2,676.87, representing the amount of money paid by them to Bernice Phillips, Ida Mae Hill, and Odette Schmitt, each of whom was employed to assist Mrs. Madigan in the nursing care of her mother. By an amended petition for the proposed disbursement of funds, Mrs. Madigan listed her notarial fee at $139.85. Opposition was filed by the forced heirs to prevent the payment of these claims to the Madigans predicated on the hypothesis that the debts were not due and owing. They also sought the removal of Adelaide Baudier Madigan as executrix of each succession alleging a conflict of interest since she had made claims against the estates which were payable to herself.
Mrs. Madigan filed an opposition to the petition to have the sale of the family home declared a nullity and in addition thereto filed a reconventional demand wherein she contended that she and her husband should be declared the lawful owners of the property since the forced heirs failed to prove that the sale was in fact simulated or a donation in disguise. She also filed exceptions to the opposition to probate wherein she asserted that the forced heirs had failed to prove that any defects existed in the will.
As a creditor of the succession, James A. Madigan filed a petition on October 16, 1964, requiring the heirs to accept or reject the succession. In their answer thereto, the forced heirs, Louis Maurice Baudier, Jr., Robert Joseph Baudier, Marie Louise Baudier Aspelund, and Audrey Marie Bau-dier Brown, accepted the successions of their mother and father with benefit of inventory and requested additional time within which to deliberate over the question of whether to accept or renounce their parents’ successions.
Following the trial hereof, the lower court rendered judgment in favor of Adelaide Baudier Madigan for services rendered to her mother in the amount of $200.00, and also awarded her attorney’s fees in the sum of $1,398.50, and executrix fees of $349.60, both to be paid out of the proceeds of the successions, but maintained in all other respects the opposition filed to the petition of the executrix for authority to disburse the funds thereof. The petition which requested that the sale of the real estate in 3711 Camp Street be declared a simulation was dismissed; however, the judgment did not specifically state that Mr. and Mrs. Madigan possessed a valid title to the property.[2]
From this judgment, all of the litigants have prosecuted this appeal.
The record discloses that in January of 1946, Marie Thompson Baudier entered into an oral agreement with her daughter, Adelaide Baudier Madigan, wherein she agreed to pay $125.00 per month to Adelaide as compensation for services she was to render to Mrs. Baudier, who was then in ill and failing health. One of the conditions of the agreement stipulated that Mr. and Mrs. Madigan were to reside with Mrs. Baudier in her home in 3711 Camp Street. Payment for these services was to be made after the death of Mrs. Baudier. This agreement was reduced to writing about ten years later or on January 10, 1956. On August 5, 1959, an act of sale was passed conveying the property in 3711 Camp Street from Marie Thompson Baudier and Louis Mau *603 rice Baudier to Mr. and Mrs. Madigan, with a consideration recited therein of $12,000.00 cash and receipt therefor was acknowledged by Marie and Louis Baudier in the act of sale. It is conceded by the parties hereto that no cash was actually paid. However, a counter letter executed at the time of the sale explained therein that Mrs. Baudier was indebted to her daughter, Adelaide, in the amount of $19,000.00 for services rendered pursuant to the agreement of 1946, reduced to writing on January 10, 1956, and title to 3711 Camp Street was transferred to Mr. and Mrs. Madigan by a dation en paiment of $12,000.00 for part of this indebtedness. A promissory note for $7,000.00 representing the balance due was signed by the decedents as co-makers. In the counter letter, the Baudiers stipulated that the Madigans should be reimbursed for any amount expended on behalf of Mrs. Baudier in excess of the money given by Mrs. Baudier to the Madigans for her living and medical expenses. In the last will of Mrs. Baudier which was written in 1958, she appointed Adelaide Baudier Madigan executrix and attorney for her succession and stipulated that she was to be paid for these services over and above anything inherited by her. In this document, she again acknowledged the oral agreement entered into in 1946, which was reduced to writing in 1956, by stating therein that:
“ * * * all my debts including the contract I have with my daughter Adelaide for her services to me during my illness which lasted over 13 years are to be paid. This contract was made of my own free will * * *.”
These documents leave no doubt that the oral agreement for services to be rendered by Adelaide Madigan to her mother was entered into in 1946.
The testimony of eighteen witnesses including two priests, one judge, two lawyers, neighbors, a pharmacist and others all corroborated the fact that Adelaide Baudier Madigan actually rendered the services which she had contracted to perform in the oral agreement of 1946. No evidence was introduced by the other heirs to contradict this testimony, nor was it shown that the other heirs had rendered any substantial services or financial aid in the care of their mother.
The medical testimony was conclusive to the effect that Mrs. Baudier was in poor health and became increasingly more dependent upon the Madigans from 1946 until her death occurred in 1960. We are convinced 'that Mrs. Baudier was actually indebted to her daughter, Adelaide, in the amount of $19,000.00 when the act of sale was consummated and the application of $12,000.00 of the above amount to the purchase price of the property was a valid consideration; therefore, the sale of the property designated as 3711 Camp Street was not simulated nor was it a donation in disguise, consequently, Mr. and Mrs. Madi-gan acquired a valid title thereto.
In its written reasons for judgment, the lower court dismissed the opposition to payment for legal services, the executrix and notarial fees; however, in the judgment, it failed to award a fee for notarial services. It is conceded by the litigants herein that this occurred inadvertently and therefore, the notarial fee should have been awarded to Mrs. Madigan by the trial court. However, it is contended by the heirs, on the appeal hereof, that payment should not be awarded for these services since Mr. Madi-gan, as head and master of the community, is the proper party to sue for his wife’s wages which are an asset thereof, and he has failed to institute such a suit.
This contention overlooks the fact that Mrs. Madigan is entitled to recover each of her claims since she was joined by her husband in the petition requesting payment for services rendered to her mother, for reimbursement of money expended for her mother’s care and for payment of the promissory note signed by her parents. The payment for services rendered in her respective capacities of attorney, executrix and notary were not sued for by Mrs. Madi- *604 gan, but were listed in the tableau of distribution and request was made for permission of the court to make such payments. Therefore, she is entitled to be paid for the services which she has rendered in the foregoing capacities.
In addition to the $19,000.00 owed for services rendered when the sale of the Camp Street property was consummated, Mrs. Adelaide Madigan also asserted a claim for the following:
The promissory note dated August 5, 1959 payable to Mr. and Mrs. James A. Madigan signed by Mr. and Mrs. Louis Maurice Baudier.$7,000.00
Interest on the above note at 8% per annum between August 5, 1959, to December 5, 1965 .$3,033.30
Balance due on services rendered by Mr. and Mrs. Madigan under the contract of 1946 prior to Mrs. Baudier’s last illness . $1,323.17
Services rendered by the Madigans under the 1946 Contract during Mrs. Baudier’s last illness.$1,475.00
Sums expended by Mr. and Mrs. Madigan to Bernice Phillips, Ida Mae Hill, and to Odette Schmitt for their assistance in caring for Mrs. Baudier to be reimbursed to the Madigans pursuant to the 1946 contract .$2,676.87
Total . $15,508.34
The trial judge decided the amount which Mrs. Madigan was entitled to recover by resorting to the method of computation approved in the case of Story v. Story.[3] Mrs. Baudier had paid Mrs. Madigan $40.00 per month for 147 months and $132.50 per month for 28 months to defray Mrs. Bau-dier’s living and medical expenses. In computing the sum due Mrs. Madigan, the trial court erroneously omitted to recognize that these sums had been paid to Mrs. Madigan for expenses of Mrs. Baudier and formed no part of the $125.00 per month for the Madigan’s services which were rendered under the 1946 agreement. He deducted these sums from the $125.00 to be paid the Madigans for their services, and he awarded her only $200.00 over- and above the $12,000.00 which formed the consideration for the purchase and sale of the Camp Street property. This judgment should have been for $15,508.34. The total assets of both successions exclusive of the Camp Street property amounts to $14,322.08, which sum is insufficient to cover the money due to Mr. and Mrs. Madigan; however, as the other heirs have accepted the succession with benefit of inventory, there can be no recourse against them.'
For the foregoing reasons, the judgment of the lower court is affirmed insofar as it declares the sale of the 3711 Camp Street property by Mr. and Mrs. Louis Maurice Baudier to Mr. and Mrs. James A. Madigan to be a valid sale for good and valuable consideration with title vesting in Mr. and Mrs. James A. Madigan, and dismissing the petition that the property be included in the inventory of the successions.
The judgment is affirmed in its award of attorney’s fees of $1,398.50 and executrix fees of $349.60 to Adelaide Baudier Madigan, and is amended to award her $139.85 as a notarial fee.
The judgment is further amended to award Adelaide Baudier Madigan $15,508.34 for services rendered in conformity with the contract executed between herself and Mrs. Baudier in 1946, and for reimbursement of expenses pursuant to that agreement as well as payment of the promissory note for $7,000.00 and interest thereon for $3,033.30.
The succession is to pay all costs of these proceedings.
Affirmed in part, amended in part.

. In a supplemental petition filed December 30, 1965, Adelaide Baudier Madigan sought interest on the note at 8% per annum between August 5, 1959, to December 5, 1965, which amounted to $3,-033.30.

. The judgment also dismissed the petition which sought to have the property designated as 3711 Camp Street included in the succession inventory.

. 131 So.2d 913 (La.App.1961).